UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                Case No. 16-20659
                                Hon. Arthur J. Tarnow

ANDREW WEIKEL,

    Defendant.

_____/

**GOVERNMENT'S SUPPLEMENTAL BRIEF REGARDING
DEFENDANT'S REVISED RELEASE PLAN**

Andrew Weikel is a convicted sex offender who terrorized a 13-year-old girl by taking pictures of his exposed penis near her face while she slept. In some of the photographs, Weikel placed his penis on her head. In November 2019, he refused to participate in residential sex offender treatment offered by the BOP at FMC Devens. Six months ago, he filed a motion asking the Court to send him home early due to the risks associated with COVID-19. (ECF No. 54, under seal.) Weikel's projected BOP release date is not until June 2023.

The Court held two hearings on Weikel's motion in May 2020, and the parties have each submitted multiple filings. In those hearings and

1

filings, Weikel originally proposed living with his daughter and 12-year-old grandson upon release. On October 6, 2020, Weikel filed a supplemental brief proposing an alternative living arrangement upon release. (ECF No. 73). Just over one week later, Weikel submitted another supplemental filing stating that his second living arrangement fell through, and on October 20, 2020 he filed yet another supplemental brief proposing a third, alternative release plan. (ECF No. 74; ECF No. 75). He also renewed his request for a reduction in his sentence.

In Weikel's October 6 and October 20 briefs, he claims that BOP is not offering sex offender programming because of the COVID-19 pandemic. (ECF No. 73, PageID.1033; ECF No. 75, PageID.1043). Weikel also claims in his October 6 filing that FCI Elkton has drastically reduced COVID-19 testing, leading to a reduced number of known cases at the facility. (ECF No. 73, PageID.1033 – 1034). But Weikel's claims about BOP programming and COVID-19 testing are false, and his release plan is still problematic. Weikel also fails to explain his refusal to re-enroll in the residential sex offender treatment program at FMC Devens.

2

The Court should deny Weikel's motion for a reduction in his sentence.

## I. Weikel's proposed living arrangement is still problematic

On October 6, 2020, Weikel proposed living with his brother in a one-bedroom apartment as an alternative to living with his daughter and 13-year-old grandson upon his hypothetical release. (ECF No. 73, PageID.1033). On October 14, Weikel informed the Court that Weikel's brother had changed his mind and was no longer willing to house Weikel. (ECF No. 74, PageID.1040). Now Weikel claims that his family has arranged for him to live in an apartment by himself in Bluffton, Indiana, and that his sister will provide him with financial assistance until he can have his Social Security benefits reinstated. (ECF No. 75, PageID.1042). Weikel does not state whether the apartment complex where he hopes to live will allow registered sex offenders to live there. And he does not state whether there are any minor children living in the building, or how close the apartment complex is to a school or childcare facility. So the appropriateness and feasibility of this living arrangement is still unclear.

Also, as the government noted in its original response to Weikel's motion, Bluffton, Indiana is approximately 45 minutes from MV-1's home. MV-1's mother occasionally works in Bluffton, and MV-1 travels there at times for sporting events. Years after Weikel's arrest, MV-1 is still recovering and coming to terms with her victimization. In her victim impact statement, she writes that she "originally thought I would have 2-3 years to worry about the fact of him getting out. I haven't mentally prepared myself for him being released." (ECF No. 60, Exhibit 3, filed under seal). MV-1's mother also opposes Weikel's release, and she is concerned that releasing him "at this time would have a negative affect on [MV-1's] mental health status." (*Id.*)

Thus, releasing Weikel to an apartment in Bluffton still does not provide the appropriate safeguards to ensure that he will not victimize more children, nor does it protect the victim or her family in the underlying case.

## II. Conditions at Elkton have improved, and Weikel's claim about testing is false

Conditions related to the COVID-19 pandemic at FCI Elkton have improved significantly since Weikel filed his motion in April 2020. As of October 21, 2020, the facility has just **one** active COVID-19 case among

4

its inmate population, and ***zero*** active cases among its staff. (BOP COVID-19 Cases). Yet Weikel claims—without support—that Elkton's reduced numbers of active COVID-19 cases are due to a lack of testing.

On its website, the BOP lists 1,790 inmates at FCI Elkton with completed COVID-19 tests. (*Id.*) 820 inmates have tested positive for the virus since the start of the pandemic, and there are currently ***zero*** pending tests. (*Id.*) Importantly, though, Weikel's most recent medical records show that he was *asymptomatically* tested for the virus in May, June, and September 2020. (Exhibit 1, Weikel's Updated Medical Records, *filed under seal*). He tested negative for the virus each time. (*Id.*) So Weikel's own records show that FCI Elkton is proactively testing for the virus. And the most recent BOP information available shows that Elkton's active COVID-19 cases are under control.

### III. BOP sex offender programming is still available

Weikel claims that no BOP programming is available due to the pandemic. This is false. According to a BOP official at FMC Devens, the residential sex offender treatment program[1] there is up and running

---

[1] The government previously provided the Court with details about this program—and Weikel's prior refusal to participate in it—in a May 12, 2020 supplemental filing and two letters to the Court dated May 22 and

despite the pandemic. While certain components of the program may be suspended or modified in order to ensure the safety of the staff and inmates, the program is operational and providing treatment. As the government has previously noted for the Court—and Weikel—if he is willing to participate in this program, he should begin the process by contacting the psychology department at FCI Elkton.

Weikel, still, has not explained why he continues to avoid enrollment in the residential sex offender treatment program at FMC Devens. And now he is mistaken at best, and disingenuous at worst, about the availability of BOP programming. Weikel's failure to complete sex offender programming during his incarceration is entirely his own; it signals a refusal to admit that he has a problem for which intensive treatment is necessary. And while Weikel claims that he will participate in sex offender treatment through Headwaters Counseling if released, his refusal to participate in BOP programming while incarcerated should give the Court no confidence that Weikel will successfully complete sex offender treatment if released early.

---

May 27, 2020. (ECF No. 71, PageID. 928 – 938, May 12, 2020 Supplemental Filing; Exhibit 2, May 22, 2020 Letter to the Court; Exhibit 3, May 27, 2020 Letter to the Court).

6

Weikel is still a danger to the community, and he should not be released.

## Conclusion

Weikel's motion should be denied.

Respectfully submitted,

MATTHEW SCHNEIDER
United States Attorney

*s/ Erin Ramamurthy*
Erin Ramamurthy
Sara Woodward
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9788
erin.ramamurthy@usdoj.gov

Dated: October 21, 2020

## CERTIFICATE OF SERVICE

I certify that on October 21, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

I further certify that on October 21, 2020, I filed Exhibit 1 of the Government's Response, *under seal*, with the Clerk of the Court of the Eastern District of Michigan using the ECF system and I have secure emailed the same to counsel of record at:

> Colleen Fitzharris, Attorney for Defendant
> Colleen_fitzharris@fd.org

> *s/ Erin Ramamurthy*
> Assistant U.S. Attorney