

**U.S. Department of Justice**

United States Attorney's Office
Eastern District of Michigan

| | |
|---|---|
| Erin Ramamurthy | 211 W. Fort Street, Suite 2001 |
| Sara Woodward | Detroit, Michigan 48226 |
| Assistant United States Attorneys | Telephone:  (313) 226-9788 |
| | Facsimile:  (313) 226-2311 |
| | E-Mail:  erin.ramamurthy@usdoj.gov |
| | sara.woodward@usdoj.gov |

May 22, 2020

VIA EMAIL

The Honorable Arthur J. Tarnow
U.S. District Judge
Theodore Levin U.S. Courthouse, Room 111
231 W. Lafayette Blvd, Room 107
Detroit, MI 48226

      Re:   Andrew Frank Weikel
              Register Number 54914-039

Judge Tarnow,

      The government submits this letter in response to the Court's May 18, 2020 correspondence regarding the proposed transfer of inmate Andrew Weikel. Specifically, the Court suggested transferring Mr. Weikel from FCI Elkton to FMC Devens so that he can participate in residential sex offender treatment there. The government agrees that it would be ideal for Mr. Weikel to participate in the BOP's residential sex offender treatment program. Mr. Weikel's enrollment in the program, however, depends on his initiative and willingness to participate.

      The government has spoken to Patrick Ward, a BOP attorney with FMC Devens, about Mr. Weikel's potential transfer to the residential sex offender treatment program at Devens. Mr. Ward explained that the program is voluntarily, and only open to qualifying inmates who request participation in the program. And as the government has noted in prior submissions to the Court, Mr. Weikel was scheduled to transfer to Devens to participate in this program in November 2019, and he refused. If Mr. Weikel now wishes to participate in the program at FMC Devens, he must notify the psychology department at FCI Elkton. Once the Elkton

GOVERNMENT
EXHIBIT
2

psychology department has been notified of Mr. Weikel's desire to participate in sex offender treatment, the BOP can begin the process of enrolling Mr. Weikel in the program, which may require him to be placed on a waiting list and receive other BOP system approvals before his transfer can be ordered. In addition, inmate transfer has been impacted by the Covid-19 pandemic. But Mr. Ward confirmed that Mr. Weikel is eligible to participate in the program (he has enough time remaining on his sentence, etc.), so long as he is willing, and starts the process by contacting the psychology department at FCI Elkton.

In short, potential transfer to FMC Devens begins with Mr. Weikel. The Court should deny his motion for compassionate release; Mr. Weikel is ineligible due to his dangerousness. A district court may grant compassionate release and reduce a defendant's term of imprisonment under 18 U.S.C. § 3582(C)(1)(A) only if it finds that "extraordinary and compelling reasons warrant such a reduction" and that the inmate "is not a danger to the safety of any other person or to the community." USSG § 1B1.13(1)–(2). In other words, even if an inmate has demonstrated "extraordinary and compelling reasons" for his release based on his advanced age or his medical conditions, he is still ineligible for compassionate release under 18 U.S.C. § 3582(c)(1)(A) if he is dangerous. *Id.* Mr. Weikel is a hands-on sex offender who seeks to be released to a home with a 12-year-old child; he has not received the benefit of any sex offender treatment during his incarceration due to his refusal to participate in such treatment in November 2019. For these reasons, Mr. Weikel is too dangerous to be released, and his motion for compassionate release and/or home confinement should be denied.

MATTHEW SCHNEIDER
UNITED STATES ATTORNEY

Erin L. Ramamurthy
Sara D. Woodward
Assistant U.S. Attorneys