# EXHIBIT B

**FEDERAL COMMUNITY DEFENDER**
**Eastern District of Michigan**
613 Abbott Street, 5th Floor
Detroit, Michigan 48226
*Telephone:* (313) 967-5542 ▪ *Fax:* (313) 962-0685

**COLLEEN P. FITZHARRIS**
*Assistant Defender*
(313) 967-5866

**Richard A. Helfrick**
*Executive Director*

May 22, 2020

**SENT VIA E-MAIL**

Hon. Arthur J. Tarnow
U.S. District Judge
Theodore Levin U.S. Courthouse, Room 111
231 W. Lafayette Blvd, Room 107
Detroit, MI 48226
  Re: Andrew Frank Weikel
     Register Number 54914-039

Dear Judge Tarnow:

  This Court sent a letter to the parties requesting input about whether transferring Andrew Weikel to FMC Devens for enrollment in a sex offender treatment program is appropriate given that the circumstances at FCI Elkton present serious risks to his health. Undersigned counsel have investigated conditions at FMC Devens. In short, it FMC is not a place where Mr. Weikel will be safe or where he can receive appropriate treatment in the near future.

### A. FMC Devens is experiencing a disturbing outbreak of COVID-19 cases

  While Mr. Weikel will comply whatever this court orders, he objects to a transfer to FMC Devens because the conditions pose a risk to his health and safety. Conditions there are so unsafe that group of people incarcerated at FMC Devens have filed a class action lawsuit describing conditions as bad as those at FCI Elkton. *See Grinis v. Spaulding*, No. 1:20-cv-10738, R. 1, Pet. for Writ of Habeas Corpus, at 13–14.

  Dr. Joe Goldenson reviewed information about the facilities at Devens and the conditions there that make it a particularly dangerous place for people vulnerable to complications of COVID-19. (Goldenson Decl. ¶¶ 28–37.) Dr. Goldenson concluded that "[e]ven under the 'modified lockdown' at FMC Devens, prisoners are completely unable to successfully implement physical distancing at the current population levels and design capacity of the facilities." (*Id.* ¶ 37.)

Dr. Goldenson issued that opinion on April 14, 2020—long before there were any confirmed cases of COVID-19 at FMC Devens. Things have changed dramatically since. On April 23, 2020, the first incarcerated person tested positive for COVID-19. He died on May 4, 2020. The BOP reported no new cases of COVID-19 for four until on May 8, 2020, a staff member tested positive for COVID-19. The number of infected people have taken increased exponentially ever since:[1]

| Date | Number of Positive Inmates | Number of Positive Staff | Number of Inmate Deaths |
|---|---|---|---|
| 4/23/2020 | 1 | 0 | 0 |
| 4/24/2020 | 1 | 0 | 0 |
| 4/25/2020 | 1 | 0 | 0 |
| 4/26/2020 | 1 | 0 | 0 |
| 4/27/2020 | 1 | 0 | 0 |
| 4/28/2020 | 1 | 0 | 0 |
| 4/29/2020 | 1 | 0 | 0 |
| 4/30/2020 | 1 | 0 | 0 |
| 5/1/2020 | 1 | 0 | 0 |
| 5/2/2020 | 1 | 0 | 0 |
| 5/3/2020 | 1 | 0 | 0 |
| 5/4/2020 | 0 | 0 | 1 |
| 5/5/2020 | 0 | 0 | 1 |
| 5/6/2020 | 0 | 0 | 1 |
| 5/7/2020 | 0 | 0 | 1 |
| 5/8/2020 | 0 | 1 | 1 |
| 5/9/2020 | 0 | 1 | 1 |
| 5/10/2020 | 0 | 1 | 1 |
| 5/11/2020 | 0 | 1 | 1 |
| 5/12/2020 | 1 | 2 | 1 |
| 5/13/2020 | 8 | 2 | 1 |
| 5/14/2020 | 10 | 2 | 1 |
| 5/15/2020 | 10 | 2 | 1 |
| 5/16/2020 | 10 | 2 | 1 |
| 5/17/2020 | 10 | 2 | 1 |
| 5/18/2020 | 10 | 2 | 1 |

---

[1] Since March 31, 2020, the BOP has been releasing information about confirmed positive COVID-19 cases in each facility. Members of the Federal Defender community have been tracking and recording those data since even though the BOP's website no longer makes this information available.

| | | | |
|---|---|---|---|
| 5/19/2020 | 18 | 2 | 1 |
| 5/20/2020 | 20 | 2 | 1 |
| 5/21/2020 | 21 | 2 | 1 |

These numbers very likely underrepresent the number of people who have been infected with COVID-19 at FMC Devens,[2] as there is no information about how frequently people there are being tested. Disturbed by this trend, Senator Elizabeth Warren, Senator Edward Markey, and Congresswoman Lori Trahan wrote a letter to the director of the BOP expressing deep concern about the lack of testing at the facility and FMC Devens's failure to act swiftly to reduce the population and allow for social distancing. (Ltr. May 15, 2020.) So, while FMC Devens has fewer reported cases of COVID-19 or deaths than FCI Elkton, it is not a safe place for Mr. Weikel.

### B. Mr. Weikel does not have enough time remaining in his sentence to complete the inpatient sex offender treatment program

Mr. Andrew Weikel's release date per the BOP website is June 1, 2023, which is nearly 36 months or three years away. He has served about 62.5% of his sentence. Given the relatively short time left before Weikel's release, the sex offender treatment program policies and the BOP COVID-19 policies, it is unlikely Mr. Weikel would be able to be transferred to FMC Devens and complete the residential sex offender treatment program before his June of 2023 release date.

The BOP is currently on a modified lockdown. Incarcerated people can move around within the facility with some limitations, but movement or transfers outside the facilities has been suspended, with the exception of court appearances and emergencies. The modified lockdown affects the availability of the BOP Programs, including the residential sex offender treatment (SOTP-R) program. An investigator from the FCD, Steven Mason, spoke with Cheryl Renaud a psychologist working at FMC/FCI Devens. She advised the BOP is not currently accepting inmates into the facility or sex offender treatment programs in light of COVID-19. Legal counsel for FMC/FCI Devens, Patrick Ward, confirmed that they are not accepting inmates at the facility or within the sex offender treatment program. He further explained that because Mr. Weikel did not accept his first program, he will have to start the application process to be accepted into the program over from the beginning, including the psychological staff review.

According to the BOP Sex Offender Treatment Program Statement, a person must have no less than 27 months remaining in their sentence to complete SOTP-R. The non-residential SOTP requires at least 21 months to complete. BOP, Program Statement No. 5324.10 (Feb. 13, 2013), *available at* https://www.bop.gov/policy/progstat/5

---

[2] It's difficult to believe nobody at FMC Devens was infected between May 5th and May 12th.

324_010.pdf. With Mr. Weikel's remaining 36 months, the SOTP policies and the BOP COVID-19 policies, it is unlikely that he can complete these programs before his release date.

On the other hand, if Mr. Weikel were granted compassionate release, he would be able to enroll in a sex offender treatment program immediately. Once the COVID-19 restrictions are lifted, he can participate in a more intensive in-person treatment program. He will have the assistance of his daughter, who is a social worker, and the availability of the Probation Office in Indiana.

It bears repeating that Mr. Weikel did not refuse to participate in sex offender treatment because does not want to or does not believe he would benefit from such therapy. He unequivocally told this Court that he recognizes the need for treatment. Mr. Weikel simply did not understand that his desire to be close to his family would be marked as a refusal to participate in programming. Mr. Weikel's decision is understandable given that FCI Elkton has a 9-12-month sex offender treatment program intended for low-risk offenders. Dr. Nixon conducted a Static-99R test and concluded that Mr. Weikel falls into the low-risk category for reoffending. The program at FMC Devens is for high-risk offenders.

### C. Mr. Weikel poses a low risk of reoffending

Mr. Weikel understands this Court's concern about his release plan, which includes living in his daughter's home with his 12-year-old grandson. But it bears repeating that Dr. Nixon evaluated Mr. Weikel. Dr. Nixon used the Static-99R and determined that Mr. Weikel fell in the low risk of sexual endangerment to children. (Dr. Nixon Report, pp. 2–3, 8, Exhibit A to CR Motion.) Dr. Nixon further opined that there is no clinical evidence that Mr. Weikel has an interest or has had fantasies involving minor children. (*Id.*, p. 7.)

Mr. Weikel's daughters are committed to helping him re-enter the community, receive necessary treatment, and safeguarding his health. He is currently scheduled for release on June 1, 2023. His release plan has always been the same as it is now: to live in his eldest daughter's home until he can find his own living arrangements. Reducing his sentence now to allow home confinement at his daughter's home where he can access some form of treatment swiftly, is the best solution for difficult situation. The temporary telephonic treatment is more likely to turn into a more intensive program, and he will have access to therapy sooner in the community than in the BOP.

***

Granting this motion for compassionate release may be the only way to ensure Mr. Weikel's safety. There are a number of conditions this Court can impose to protect the community, including home detention, GPS monitoring, participation in telephonic sex offender treatment until in-person or inpatient programs are safe to attend, a no-contact order with the victim and her family members, as well as the other standard conditions of supervised release.

Sincerely,

Penny R. Beardslee
Colleen P. Fitzharris
Attorneys for Andrew Weikel
**FEDERAL COMMUNITY DEFENDER**

Cc: Erin Ramamurthy, Asst. U.S. Attorney
Sara Woodward, Asst. U.S. Attorney
Charmarie Green, U.S. Probation Officer

Attachments:
Declaration of Joe Goldenson, M.D.
May 15, 2020 Letter to BOP Director