UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                              Case No. 16-20659
                              Hon. Arthur J. Tarnow

ANDREW WEIKEL,

    Defendant.
_____/

**GOVERNMENT'S THIRD SUPPLEMENTAL BRIEF
REGARDING DEFENDANT'S MOTION
<u>FOR COMPASSIONATE RELEASE</u>**

      On October 29, 2020, Andrew Weikel filed a Corrected Fourth Supplemental Brief in Support of Weikel's Motion for Compassionate Release (ECF No. 80). Weikel's latest supplemental filing reflects his recent transfer from FCI Elkton to FCI Fort Dix. But this transfer changes nothing about the danger Weikel poses to the community if released early. Weikel's continued refusal to participate in the BOP's residential sex offender is deeply concerning, and shows that he is not ready to be released into society where he could hurt children again. His motion for compassionate release should be denied.

1

### I. Weikel refuses to acknowledge that he has a problem and is ineligible for compassionate release

Inexplicably, Weikel refuses to avail himself of the residential sex offender treatment program at FMC Devens for which he is still eligible. The government previously provided the Court with a detailed description of this program in its May 12, 2020 supplemental filing. (ECF No. 71, PageID.929 – 930). Weikel was scheduled to be transferred to FMC Devens to participate in this program back in November 2019. But when he learned that he would be transferred there for treatment, Weikel refused and was disenrolled from the program. (ECF No. 71-1, PageID.939).

The government further explained in its May 12, 2020 filing that Weikel was only eligible for the residential (as opposed to non-residential) sex offender treatment program, which is only offered at two locations within the BOP; one of those locations is FMC Devens in Massachusetts. (ECF No. 71, PageID.931). The government also explained in a letter to the Court that Weikel could choose to re-enroll in the program, but he had to take the affirmative steps to do so. (ECF No. 76-2, PageID.1056).

Now, over six months later, Weikel says that he is ineligible to participate. He claims that he has just 26 months remaining of his sentence, and the program requires a minimum of 27 – 36 months remaining on an inmate's sentence in order to enroll. But Weikel's math is off. By Weikel's own acknowledgement, his release date is June 1, 2023. This means he has a little less than 30 months—not 26—remaining on his sentence. He has plenty of time to re-enroll.

But Weikel's claims about his eligibility for the program are a ruse. On October 23, 2020, when Weikel was transferred from FCI Elkton to FCI Fort Dix, Weikel denied sex offender treatment. Again. (Exhibit A, Weikel's BOP Transfer Intake Screening, *filed under seal*). Over the last several months, Weikel has claimed repeatedly that his failure to re-enroll in BOP sex offender treatment was due to factors outside of his control, including the pandemic and, most recently, his eligibility for programming. But now it is clear that Weikel's failure to re-enroll in sex offender treatment is driven by just one thing: he does not want to do it. This is not about Weikel's inability to access BOP programming. And it's not about the pandemic. It's about Weikel's refusal to accept that he has a problem and needs help.

And in the context of Weikel's request for early release, his refusal is problematic for two reasons: First, if released early, Weikel will not have received the treatment that he needs to prevent him from engaging in the same kind of behavior that landed him in prison the first time. Second, it shows that Weikel cannot accept the gravity of his behavior, the impact it has had on his victims, or that his behavior needs to change. These factors make him a danger to the community and ineligible for compassionate release. *See* USSG § 1B1.13(2).

## II. Weikel's BOP placement could be different if he would accept appropriate treatment

Still, Weikel continues to advocate for his early release by pointing to the Covid-19 pandemic and, specifically in his most recent filing, the number of cases at FCI Fort Dix. As of November 9, 2020, the number of active inmate cases at FCI Fort Dix totaled 228, and the number of staff cases totaled 10. BOP Covid-19 Cases. This is a high number of cases, to be sure. And the Bureau of Prisons is doing everything it can to get that number under control. Within its facilities, the Bureau of Prisons has "modified operations to maximize physical distancing, including staggering meal and recreation times, instating grab-and-go meals, and establishing quarantine and isolation procedures." BOP

4

Covid-19 Modified Operations Website. Staff and inmates are issued face masks to wear in public areas. *See* BOP FAQs: Correcting Myths and Misinformation. Staff and contractors are screened for symptoms, and contractors are only permitted to access a facility at all if performing essential service. *Wilson*, 961 F.3d at 834. Social visits have been suspended to limit the number of people entering the facility and interacting with inmates. *Id*. But to ensure that relationships and communication are maintained throughout this disruption, the Bureau of Prisons has increased inmates' telephone allowance to 500 minutes per month. Legal visits are permitted on a case-by-case basis after the attorney has been screened for infection. And Since the start of the pandemic, FCI Fort Dix has completed 1144 inmate tests. BOP Covid-19 Cases.

But the fact remains that Weikel's current placement at Fort Dix is a product of his own choices. As of November 9, 2020, FMC Devens has ***zero*** active inmate cases of Covid-19, and just three active staff cases. *Id*. When the Court originally heard Weikel's motion for compassionate release back in May 2020, the Court suggested that a transfer to FMC Devens would be an appropriate resolution to Weikel's

5

concerns about Covid-19 at FCI Elkton, and also give Weikel a chance to participate in the sex offender treatment offered there. (Exhibit B, May 18, 2020 Letter from the Court). Since the Court sent that letter, Weikel has had nearly six months to re-enroll in the program at FMC Devens, as the Court suggested. But he never did. And based on Weikel's very recent refusal to participate in sex offender treatment when he arrived at FCI Fort Dix, it is clear that his failure to do so was motivated by an inability to accept that he needs help.

## Conclusion

Weikel's motion should still be denied.

Respectfully submitted,
MATTHEW SCHNEIDER
United States Attorney

*s/ Erin Ramamurthy*
Erin Ramamurthy
Sara Woodward
Assistant U.S. Attorneys
211 West Fort Street, Suite 2001
Detroit, MI  48226
(313) 226-9788
erin.ramamurthy@usdoj.gov

Dated: November 9, 2020

6

## CERTIFICATE OF SERVICE

I certify that on November 9, 2020, I electronically filed the foregoing document with the Clerk of the Court for the Eastern District of Michigan using the ECF system, which will send notification of the filing to all users of record.

I further certify that on November 9, 2020, I filed Exhibit A to the Government's Third Supplemental Brief, *under seal*, with the Clerk of the Court of the Eastern District of Michigan using the ECF system and I have secure emailed the same to counsel of record at:

Colleen Fitzharris, Attorney for Defendant
Colleen_fitzharris@fd.org

*s/ Erin Ramamurthy*
Assistant U.S. Attorney
